## IN THE MATTER OF THE APPLICATION OF YIM QUOCK LEONG ON BEHALF OF YIM CHUN SHAI, for a writ of habeas corpus.

### DECIDED: JANUARY 7, 1901.

1. Where a decision of the Collector of Customs is adverse to the landing of a Chinese woman claiming admission to the Territory of Hawaii on the ground that her husband is a domiciled merchant therein, this Court has no jurisdiction to hear an application for a writ of habeas corpus.

2. Where the decision of the Collector of Customs is adverse to the landing of a Chinese woman claiming admission to the Territory of Hawaii on the ground that her husband is a domiciled merchant therein, her only remedy is an appeal to the Secretary of the Treasury, from the decision of the Collector.

CHINESE EXCLUSION LAW. HABEAS CORPUS.

Application for a writ of *habeas corpus* made by Yim Quock Leong on behalf of Yim Chun Shai.

*Magoon, Thompson & Peters*, attorneys for petitioner.

*John C. Baird*, U. S. District Attorney, for E. R. Stackable, Collector of Customs at Port of Honolulu.

ESTEE. J. Yim Quock Leong, a Chinese person, petitions for a writ of *habeas corpus* on behalf of Yim Chun Shai on the ground that she is his wife and that he is a merchant and doing business in Honolulu; that she is unlawfully restrained of her

liberty; that she is a Chinese alien and until recently resided at Canton, China; that she came to this territory on the "American Maru" arriving at Honolulu on the 15th of December, 1900. The parties claim to have been married in China thirteen years ago. It is admitted that since the alleged marriage, Yim Quock Leong married a native Hawaiian woman in this Territory, who died about about a year ago.

The Collector of Customs at the Port of Honolulu refused to let Yim Chun Shai land on the ground that she did not belong to the class of Chinese persons entitled to admission.

It is not necessary to consider the facts further than to observe that the petition shows that Yim Chun Shai had a hearing before the Collector of the Customs, who upon such hearing refused to allow her to land. This decision is final unless appealed from to the Secretary of the Treasury. The order of the Collector refusing to allow a Chinese person to land is not reviewable by this Court in this class of cases.

It is prescribed by the Statutes of the United States (Amendment of August 18th, 1894, Vol. 28, U. S. Stats. 390), that:

"In every case where an alien is excluded from admission to the United States, under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or Customs officer if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of the Treasury."

It is admitted that Yim Chun Shai is a Chinese alien; and that she has been excluded from landing by a customs officer, who has rendered his decision adverse to her landing. The law seems to be clear that her only remedy if dissatisfied with his ruling, is an appeal to the Secretary of the Treasury.

See the case of Ching Ahoo, on *habeas corpus*, decided by this Court on October 26th, 1900[1]; where it was held that this Court had no jurisdiction to review the action of the collector, and that the petitioner's remedy was an appeal to the Secretary of the Treasury.

See also, *Lem Moon Sing*, 158 U. S. 538; *In re Way Tai*, 96 Fed. Rep. 484; *Leong Youk Tong*, 90 Fed. Rep. 648.

So in the very recent case of the *United States v. Gin Fung*, 100 Fed. Rep. 389. In that case the Collector made an order refusing to land the petitioner; an application for a writ of *habeas corpus* was made to the District Court which entertained the writ and discharged the petitioner. The proceedings of the Collector were shown upon the facts adduced to have been irregular, yet the United States Circuit Court of Appeals say in reversing the decision of the District Court, notwithstanding these irregularities of the Collector at the hearing.

........ "the jurisdiction to determine the right of the petitioner to land still remained with the Collector and the Secretary of the Treasury", citing the cases of *Nishimura Ekiu v. U. S.* 142 U. S. 651; *Lem Moon Sing*, 158 U. S. 538, *supra.*

See also *In re Lee Ping*, 104 Fed. Rep. 678.

It is however claimed by counsel for petitioner, that as the Republic of Hawaii was an independent sovereignty when the Act of Congress herein referred to was passed, and that as the whole question of the jurisdiction of the United States over this and other territories will soon be settled by a decision of the Supreme Court of the United States bearing upon the point, especially as to the effect of the Constitution and laws of the United States over the recently acquired territory including the Territory of Hawaii, that this Court should dispose of this case upon the facts presented, and not pass upon its jurisdiction at this time. But the Court is clear that whatever may be the rule in other matters, the Chinese Exclusion Laws of the United States are in force in the Territory of Hawaii, and that being so, this Court has no jurisdiction of this proceeding; and therefore orders that the writ be dismissed and the petitioner remanded into custody.

    (1)  Not reported.